*337
By the Court,

Bronson, J.
Aside from the recitals in the deed from Lefferts and others in 1773, there is no evidence that they had any paper title to the 5080 acre tract; and neither they nor their grantees, so far as appears by this case, have ever been in possesion of any portion of the land. Ryer Schermerhorn never entered under the deed from them and the release from Glen, nor have his devisees ever been in possession. I do not understand from the testimony of Bartholomew Schermerhorn, the son of Ryer, that he had ever been in possession; but only that he had, or was entitled to a portion of lots No. 13 and 19 as devisee, and had sold the land since the .testator’s death. It does not appear that his grantee ever entered.
Proof that other lands, not being part of the two lots, had been held under the will, may have been proper evidence for the purpose of establishing the will; but it had no tendency to prove that the testator had title to the lots in question.
Where possession has been taken under an ancient deed, the recitals in it may sometimes be resorted to for the purpose of presuming a grant or a pedigree in accordance with the facts recited. (Jackson v. Russell, 4 Wendell, 543. S. C. in error, 22 Wendell, 277. Carver v. Jackson, 4 Peters, 83, 4. Stokes v. Dawes, 4 Mason, 268.) But here, the defendant is a stranger to the title under which the plaintiff claims; and the recitals in the deed of Lefferts and others are not evidence against him, without showing that the land, or seme portion of it at the least, has been held under the deed.
It is of course unnecessary to enquire whether the will of Ryer Schermerhom was duly proved, or what title passed under it.
Judgment for defendant.